UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re Subpoena Issued to:*

UNITED STATES ATTORNEY FOR THE
DISTRICT OF COLUMBIA,
c/o U.S. Attorney's Office, Civil Division
601 D Street, NW
Washington, DC 20530,

Misc. No. 26-0028 (TNM)

*IN RE ESTATE OF PEGGY BRYANT*

## COMBINED OPPOSITION TO MOTION TO REMAND SUBPOENAS TO SUPERIOR COURT AND MOTION TO QUASH SUPERIOR COURT SUBPOENAS AND MEMORANDUM IN SUPPORT THEREOF

The United States Attorney for the District of Columbia ("Agency"), by and through undersigned counsel, respectfully opposes Plaintiff's motion to remand subpoenas to superior court (ECF No. 5) and moves the Court to quash the subpoenas that are the subject of this miscellaneous matter.

### BACKGROUND

This motion to quash concerns three subpoena duces tecum (the "Subpoenas") issued to the Agency under the authority of the Superior Court of the District of Columbia on behalf of Perry Bryant, the son of the ward in *In re Estate of Peggy Bryant*, No. 2014 INT 000378 (D.C. Super. Ct.), filed in the Superior Court for the District of Columbia, Probate Division.

The Agency received the first subpoena on or about February 23, 2026, which seeks "all audio recordings or calls made to the metropolitan police department (MPD), all body worn camera footage and audio any and all reports made and identities of all police officers that responded during the March 7, 2025 Visits to 27 O St NW #317, Wash. D.C." *See* ECF No. 1-1 at 3. The Agency received the second subpoena on or about February 25, 2026, which sought "all body worn

camera footage, audio, all reports made, all audio recordings of calls made to the metropolitan police department (MPD), and the identities of all MPD officers that responded to the events related to CCN #25787950." *Id.* at 5. The Agency received the third subpoena on or about March 2, 2026, which sought "any and all documents, written or oral requests or inquired related to the reasons ward's EBT benefits were terminated as of March 1, 2026." *Id.* at 9. Because the Agency is a component of the federal government, this matter was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1). *See generally* ECF No. 1. Plaintiff filed a motion to remand the subpoenas to the Superior Court on March 20, 2026. ECF No. 5.

## ARGUMENT

Plaintiff's motion to remand the subpoenas to the Superior Court should be denied and the subpoenas should be quashed. Plaintiff's bare-bones motion argues that remand is appropriate because "no federal offers are currently being sued or prosecuted." ECF No. 5 at 1. Plaintiff asserts that "this obvious fact makes clear the Defendant has acted unethically and in bad faith filing a frivolous notice of removal to obstruct the administration of justice in the lower court and this Court has no subject matter jurisdiction." *Id.* But it is black letter law that removals of subpoenas are appropriate when they are directed to an agency that is a component of the federal government. *See Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (removal of subpoena matters are appropriate under 28 U.S.C. § 1442). Plaintiff's unsupported motion should therefore be denied, and instead this motion to dismiss should be granted for three reasons.

To start, the subpoenas should be quashed because of sovereign immunity. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). The Superior Court is defined as a "state court," 28 U.S.C. § 1451, and "[t]he courts of the District of Columbia are treated as 'state' courts for removal purposes." *Brown*

*& Williamson Tobacco*, 62 F.3d at 413 n.3 (citation omitted); *see also* 28 U.S.C. § 1442. "It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena duces tecum issued by a state court and served on a non-party federal government agency. It, therefore, follows that a federal court must quash such a subpoena when the federal official or agency upon whom the subpoena was served removes the state court action to a federal court because the federal court lacks jurisdiction to enforce it." *Longtin v. Dep't of Just.*, Civ. A. No. 06-1302 (JMF), 2006 WL 2223999, at *2 (D.D.C. Aug. 3, 2006) (citing *Houston Bus. Journal*, 86 F.3d at 1211-12).

The subpoena's removal to federal court does not make it enforceable. It is well settled that "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Houston Bus. J..,* 86 F.3d at 1212. *See also Est. of Pal v. Barcode Corp.*, Civ. A. No. MC 19-109 (CKK), 2019 WL 4709902, at *2 (D.D.C. Sept. 26, 2019) ("the D.C. Superior Court does not have jurisdiction to enforce the subpoena because sovereign immunity shields the federal government, including the United States Attorney, from enforcement actions in state court. . . . Moreover, because the underlying civil case is in state court, this Court's jurisdiction is derivative of the state court's jurisdiction, and this Court also lacks jurisdiction to enforce the subpoena against the United States Attorney."). The Agency, as a component of the federal government, accordingly holds sovereign immunity over the Superior Court's subpoenas. *See, e.g.*, *id.* (state court subpoena to component of federal agency could not be enforced; collecting cases); *Santini v. Herman*, 456 F. Supp. 2d 69, 72 (D.D.C. 2006) ("This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government."); *Stauffer v. Miller*, Civ. A. No. 14-

MC-454 (ABJ-AK), 2014 WL 12539886, at *3 (D.D.C. July 16, 2014) ("Sovereign immunity prevents federal agencies from being compelled to respond to subpoenas issued by a State court.").

Second, the Agency's *Touhy* regulations provide an administrative framework for requesting documents from the federal government. *See Houston Bus. Journal*, 86 F.3d at 1212 n.4 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467–69 (1951)). In circumstances where an agency refuses to provide discovery under valid *Touhy* regulations, the "sole remedy" for a state court litigant is "to file a collateral action in federal court under the [Administrative Procedure Act]" 5 U.S.C. §§ 701 *et seq. Houston Bus. Journal*, 86 F.3d at 1212; *see also Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an [APA] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court."); *Santini*, 456 F. Supp. 2d at 71 ("When an agency has enacted *Touhy* regulations, the litigant must proceed under the [APA], and the federal court will review any agency decision not to permit its employee to testify under an arbitrary and capricious standard."); *Longtin*, 2006 WL 2223999, at *3 (D.D.C. Aug. 3, 2006) ("The only way to overturn the Department of Justice's denial of plaintiff's *Touhy* request is to file a civil complaint under the Administrative Procedure Act and to establish that the decision made by the Department of Justice was arbitrary, capricious, and unreasonable.").

The Agency's *Touhy* regulations dictate how the Agency responds to requests for official records for use in State judicial proceedings. *See* 43 C.F.R. § 16.21(a). The Agency has a "[g]eneral prohibition of production or disclosure in Federal and State proceedings in which the United States is not a party." *Id.* at § 16.22.

Third, enforcing the Subpoena would violate the Supremacy Clause by ignoring the APA and the Agency's *Touhy* and Privacy Act regulations. U.S. Const. art. VI, cl. 2. As explained in *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989),

> The principle of federal supremacy reinforces the protection of sovereign immunity in the case at bar. The assertion of state court authority to override the EPA's *Touhy* regulations clearly violates the Constitution's Supremacy Clause. First, Congress has expressly limited Administrative Procedure Act review to the federal courts, and a state court's assertion of the power of judicial review over federal agencies directly contravenes 5 U.S.C. § 702. Second, properly promulgated agency regulations implementing federal statutes have the force and effect of federal law which state courts are bound to follow. *See Chrysler Corp. v. Brown,* 441 U.S. 281, 295–96, 99 S.Ct. 1705, 1714–15, 60 L.Ed.2d 208 (1979). The action of a state court to compel an official of a federal agency to testify contrary to the agency's duly enacted regulations clearly thwarts the purpose and intended effect of the federal regulations. Such action plainly violates both the spirit and the letter of the Supremacy Clause.

*Id.* Thus, Plaintiff's subpoenas should be quashed, and Plaintiff's motion denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion and quash the subpoenas issued to the Agency.

Dated:  April 6, 2026
          Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____ */s/ Kaitlin K. Eckrote* _____
     KAITLIN K. ECKROTE
     D.C. Bar #1670899
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2485

*Attorneys for the United States of America*

5